UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY,
ALBERT SUN, and ALLISON MCCANN,

                Plaintiffs,

v.

UNITED STATES IMMIGRATION AND
CUSTOMS ENFORCEMENT,

                Defendant.

**AMENDED COMPLAINT**

No. 25-cv-04356-JHR

---

Plaintiffs THE NEW YORK TIMES COMPANY, ALBERT SUN, and ALLISON MCCANN (together, "The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), to obtain an order for the production of agency records from United States Immigration and Customs Enforcement ("ICE") in response to three requests properly made by Plaintiffs.

**PARTIES**

2. Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

3. Plaintiff Albert Sun is a data reporter and graphics editor at *The New York Times*.

4. Plaintiff Allison McCann is a data reporter and graphics editor at *The New York Times*.

5. Defendant, United States Immigration and Customs Enforcement, is an agency within the federal government that has possession and control of the records that Plaintiffs seek.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7. Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

8. FOIA requires that agencies make a determination as to FOIA requests within 20 business days. *See* 5 U.S.C. § 552(a)(6)(A)(i).

9. To meet this requirement, the agency must produce the requested records or notify the requester of the statutory basis for withholding them. *See id.*; *id.* § 552(a)(6)(C)(i).

10. If an agency determines that "unusual circumstances" apply and has satisfied the procedural requirements to invoke it, FOIA allows the agency up to 10 additional business days to respond. *See id.* § 552(a)(6)(B)(i).

11. Defendant has failed to meet the statutory deadlines set by FOIA. The Times is therefore deemed to have exhausted all administrative remedies. *Id.* § 552(a)(6)(C)(i).

## BACKGROUND

### ICE's Immigration Enforcement Databases

12. ICE is the federal agency that "manages all aspects of the immigration enforcement process, including identification and arrest, domestic transportation, detention, bond management, and supervised release, including alternatives to detention." *U.S. Immigration and Customs Enforcement*, U.S. Immigr. & Customs Enf't, https://www.ice.gov/about-ice (last

visited May 23, 2025). ICE also "removes undocumented aliens ordered removed from the U.S. to more than 150 countries around the world." *Id.*

13. To carry out its duties, the agency maintains several databases that track information about individuals from the time of arrest, in-processing, and placement into removal proceedings through the final case disposition. Two of these databases are at issue here: the Enforcement Integrated Database ("EID") and the ICE Integrated Decision Support Database ("IIDS").

14. EID is a database owned and operated by ICE that tracks in real-time data about arrests, bookings, detentions, and removals of individuals encountered during immigration enforcement operations conducted by ICE and other agencies.

15. EID contains dozens of different data fields. Among the information it tracks is an individual's citizenship gender, race, age, and citizenship country; whether the individual is affiliated with a gang or has previously been convicted of certain crimes; where the individual was apprehended, the arresting agency, the facility where the individual is detained, and the type of detainer that was issued; and whether a final order of removal has been issued and where the individual was deported from and to. EID records many more categories of data in addition to these examples.

16. EID allows users to view its data in both "person-centric" and "event-centric" ways. For example, users can view data about a particular type of enforcement event, such as detentions, or they can search EID using an individual's identifier to view information about all enforcement events pertaining to that individual.

17.     IIDS is also a database owned and operated by ICE. It contains a subset of data from EID that is updated several days a week. As a result, although IIDS contains some of the same data as EID, it is not as comprehensive.

### The Times's FOIA Requests

18.     On March 17, 2025, Mr. Sun and Ms. McCann, on behalf of The Times, submitted three FOIA requests to ICE seeking certain data from EID and/or IIDS about individuals detained and/or removed by ICE.

19.     The Times's first FOIA request ("Request 1") sought:

- A copy of anonymized case-by-case, alien-by-alien data covering individuals who were in ICE custody at any point from October 1, 2023 through the date this request is processed.
    - The data we are seeking are located in the Enforcement Integrated Database (EID) and/or the Integrated Decision Support Database (IIDS).
    - In May 2024, ICE produced data on people in ICE custody for an older time period in response to FOIA request number 2023-ICFO-01753. Please produce the data we are requesting in the same format, and with the same data fields and columns, as the previously produced data on people in custody.
    - If ICE has previously produced this removal data by substituting random identifiers in place of A-numbers or other unique identifiers, please also produce random identifiers here or otherwise preserve the functionality of the data as required by *ACLU Immigrants' Rights Project v. ICE*, 58 F.4th 643, 647 (2nd Cir. 2023).
- We also request all translation files, lookup tables or other records necessary to translate codes in the raw data into their full descriptions.

20.     On March 21, 2025, ICE acknowledged receiving Request 1 and assigned it the tracking number 2025-ICFO-25965.

21.     Citing the need to perform "a thorough and wide-ranging search," ICE invoked a 10-day extension of time to process Request 1.

22.     On April 28, 2025, The Times emailed ICE to seek an update on the status of Request 1.

23. On May 1, 2025, ICE responded, stating that it had "queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of release." ICE did not provide a timeframe for releasing the records responsive to Request 1.

24. To date, The Times has not received a determination on Request 1.

25. The Times's second FOIA request ("Request 2") sought:

- A copy of anonymized case-by-case, alien-by-alien data covering individuals who were successfully removed by ICE at any point from October 1, 2023 through the date this request is processed.
    - The data we are seeking are located in the Enforcement Integrated Database (EID) and/or the Integrated Decision Support Database (IIDS).
    - In April 2024, ICE produced removal data for an older time period in response to FOIA request number 2023-ICFO-42005. Please produce the data we are requesting in the same format, and with the same data fields and columns, as the previously produced removal data.
    - If ICE has previously produced this removal data by substituting random identifiers in place of A-numbers or other unique identifiers, please also produce random identifiers here or otherwise preserve the functionality of the data as required by *ACLU Immigrants' Rights Project v. ICE*, 58 F.4th 643, 647 (2nd Cir. 2023).
- We also request all translation files, lookup tables or other records necessary to translate codes in the raw data into their full descriptions.

26. On March 21, 2025, ICE acknowledged receiving Request 2 and assigned it the tracking number 2025-ICFO-25961.

27. Citing the need to perform "a thorough and wide-ranging search," ICE invoked a 10-day extension of time to process Request 2.

28. On April 28, 2025, The Times emailed ICE to seek an update on the status of Request 2.

29. On May 1, 2025, ICE responded, stating that it had "queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be

5

reviewed for determination of release." ICE did not provide a timeframe for releasing the records responsive to Request 2.

30. To date, The Times has not received a determination on Request 2.

31. The Times's third FOIA request ("Request 3") sought:

- A copy of all files provided in response to FOIA request number 2023-ICFO-42005.
    - ICE responded to this FOIA on April 10, 2024 providing case-by-case, alien-by-alien anonymous data on individuals successfully removed by ICE between FY2019 and 2024. We seek copies of all records sent to the requester for this request.
- A copy of all files provided in response to FOIA request number 2023-ICFO-01753.
    - ICE responded to this FOIA on May 3, 2024 providing case-by-case, alien-by-alien anonymous data on individuals in ICE custody between FY2019 and 2024. We seek copies of all records sent to the requester for this request.

32. On March 21, 2025, ICE acknowledged receiving Request 3 and assigned it the tracking number 2025-ICFO-25954. In the same correspondence, however, ICE stated that it was administratively closing Request 3 based on the erroneous assertion that it was a duplicate of Requests 1 and 2.

33. On March 25, 2025, and again on April 3, 2025, The Times emailed ICE to point out that Request 3 was not a duplicate of Requests 1 and 2 and to ask ICE to reopen Request 3.

34. On April 4, 2025, ICE reopened Request 3, but, citing the need to perform "a thorough and wide-ranging search," the agency invoked a 10-day extension of time to process the request.

35. On April 28, 2025, The Times emailed ICE to seek an update on the status of Request 3, noting that the "request is seeking records that were previously disclosed in 2024 and as such should not necessitate a laborious new search."

6

36. On May 1, 2025, ICE responded, stating that it had "queried the appropriate component of DHS for responsive records. If any responsive records are located, they will be reviewed for determination of release." ICE did not provide a timeframe for releasing the records responsive to Request 3.

37. To date, The Times has not received a determination on Request 3.

38. On May 15, 2025, The Times submitted a fourth FOIA request ("Request 4") to ICE, seeking:

- A copy of anonymized case-by-case, alien-by-alien data covering all arrests and apprehensions made by ICE at any point from October 1, 2024 through the date this request is processed.
- Data covering all encounters made by ICE at any point from October 1, 2024 through the date this request is processed.
- Much of the data requested is similar to data ICE produced in 2024-ICFO-39357.

39. Request 4 specified the data fields it was seeking with respect to arrests, apprehensions, and encounters, and sought any additional, non-exempt data fields. It also asked ICE to provide the data using anonymized, "unique identifiers corresponding to the subject ID and Alien File Number for each case," such that the anonymous identifiers are "able to be matched across the different types of tables." Further, Request 4 sought "all translation files, lookup tables or other records necessary to translate codes in the raw data into their full descriptions."

40. On May 23, 2025, ICE acknowledged receiving Request 4 and assigned it the tracking number 2025-ICFO-37450.

41. Citing the need to perform "a thorough and wide-ranging search," ICE invoked a 10-day extension of time to process Request 4.

42. To date, The Times has not received a determination on Request 4.

**FIRST CAUSE OF ACTION (REQUEST 1)**

43. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

44. Defendant is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

45. Defendant has failed to meet FOIA's maximum statutory deadline of 30 business days to make a determination on Request 1. 5 U.S.C. § 552(a)(6)(B)(i).

46. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

47. No exemptions permit the withholding of the documents sought by Request 1.

48. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to Request 1.

**SECOND CAUSE OF ACTION (REQUEST 2)**

49. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

50. Defendant is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

51. Defendant has failed to meet FOIA's maximum statutory deadline of 30 business days to make a determination on Request 2. 5 U.S.C. § 552(a)(6)(B)(i).

52. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

53. No exemptions permit the withholding of the documents sought by Request 2.

54. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to Request 2.

### THIRD CAUSE OF ACTION (REQUEST 3)

55. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

56. Defendant is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

57. Defendant has failed to meet FOIA's maximum statutory deadline of 30 business days to make a determination on Request 3. 5 U.S.C. § 552(a)(6)(B)(i).

58. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

59. No exemptions permit the withholding of the documents sought by Request 3.

60. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to Request 3.

### FOURTH CAUSE OF ACTION (REQUEST 4)

61. Plaintiffs repeat, reallege, and reincorporate the allegations in the foregoing paragraphs as though fully set forth herein.

62. Defendant is an agency subject to FOIA and must therefore conduct an adequate search using reasonable efforts for responsive records; release any disclosable records in its possession at the time of the request; and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

63. Defendant has failed to meet FOIA's maximum statutory deadline of 30 business days to make a determination on Request 4. 5 U.S.C. § 552(a)(6)(B)(i).

64. Defendant is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

65. No exemptions permit the withholding of the documents sought by Request 4.

66. Accordingly, Plaintiffs are entitled to an order compelling Defendant to produce records responsive to Request 4.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

1. Declare that the documents sought by the requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2. Order Defendant to undertake an adequate search for the requested records and to provide those records to Plaintiffs within 20 business days of the Court's order;

3. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

4. Grant Plaintiffs such other relief as this Court deems just and proper.

Dated: New York, New York
       July 2, 2025

*/s/ David E. McCraw*
David E. McCraw
Timothy Tai
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Fascimile: (212) 556-4634
Email: mccraw@nytimes.com
Email: timothy.tai@nytimes.com

*Counsel for Plaintiffs*